461 So.2d 1296 (1984)
Gary B. WRIGHT, Audrey J. Wright, Jerry D. Cornelius, Betty J. Cornelius, et al.
v.
CYPRESS SHORES DEVELOPMENT CO., INC., Norman H. Clark, Kenneth R. Giddens, et al.
CYPRESS SHORES DEVELOPMENT CO., INC., Kenneth R. Giddens, Arthur Tonsmeire, Jr., and William Lyon
v.
Gary B. WRIGHT, Audrey J. Wright, Jerry D. Cornelius, Betty J. Cornelius, Kenner Rodgers, and Stella Rodgers.
Norman H. CLARK
v.
Gary B. WRIGHT, et al.
83-237, 83-487 and 83-488.
Supreme Court of Alabama.
September 21, 1984.
On Rehearing December 21, 1984.
*1297 Thomas A. Deas, Mobile, for appellants/cross-appellees.
William M. Lyon, Jr. of McFadden, Riley & Parker, Mobile, for appellees/cross-appellants Cypress Shores Development Co., Inc., William M. Lyon, Kenneth R. Giddens and Arthur Tonsmeire, Jr.
MADDOX, Justice.
These cases are before us for the second time. They were last before us in Wright v. Cypress Shores Development Co., 413 So.2d 1115 (Ala.1982). There are several issues raised by these appellants and cross-appellants. The appellants raise two issues: first, whether the trial court erred in failing to carry out the mandate of this court in the first appeal to compel enforcement of restrictive covenants, which prevented the building of a convenience store in a residential subdivision; and second, whether the trial court erred in failing to award attorneys' fees to the successful plaintiffs.
The appellees/cross-appellants also raise two issues: one, whether the appellants failed to timely appeal from the trial court's order of April 26, 1983, and two, whether the trial court could award damages and costs for the successful prosecution of an injunction to enforce restrictive covenants in a subdivision plat.
We hold that the appellants timely filed their notice of appeal from the October 14, 1983 judgment.[1] We also hold that the trial court did not err in awarding damages of $5,000 to the Wrights, Corneliuses, and Rodgerses; and that the trial court did not err in refusing to award attorneys' fees to the successful parties in the action to compel enforcement of the restrictive covenants. However, we do find that the trial court failed to carry out the mandate of this Court by allowing the convenience store to remain on the lots; therefore, we reverse.
These cases were first brought to this Court by the appellants (the Wrights, Corneliuses, and Rodgerses), who are owners of lots in Cypress Shores Subdivision. These property owners originally sought a declaratory judgment from the trial court that certain restrictive covenants, applicable to the Cypress Shores Subdivision, prohibited the building and operation of a convenience store on any lot or lots within Unit IV of the subdivision. Appellants also sought to enjoin the appellee/cross-appellant, Norman H. Clark, from constructing a convenience store on the two lots he had purchased in the subdivision, after the architectural control committee for the subdivision had annulled the restrictions as they applied to the two lots purchased by Clark. The trial court denied the requested relief *1298 and the lot owners appealed. This Court reversed the ruling of the trial court. Wright v. Cypress Shores Development Co., 413 So.2d 1115 (Ala.1982).
Pursuant to the mandate of this Court, the trial court, on January 19, 1983, ordered the defendant Clark "to cease the operation of a convenience store on lots 46 and 47 in said subdivision and ... within ninety days from the date of this order restore said lots to a condition compatible with the adjacent lots in Unit IV of said subdivision."
In April, 1983, the Wrights, Corneliuses, and Rodgerses filed a motion for rule nisi, alleging that Clark had violated the court order of January 19, 1983, by failing to "restore lots 46 and 47 to a condition compatible with the adjacent lots of said subdivision." On October 14, 1983, the trial judge heard testimony and arguments of counsel on the question of whether the convenience store building could remain on the property. He also considered the movants' request for damages and attorneys' fees and entered the following order:
"All right. I tell you what I am going to do. I am going to award the plaintiffs damages in the amount of $5,000.00. I am going to deny the request for attorney fees. I am going to leave this building as it is. Whether it can be used for a residence or not, it depends upon whether you can get somebody that don't mind living in a one room house. I want this Compac Food Store sign removed and I want the lessee or lessor or whoever owns that canopy to take it down. In other words, take down any signs or anything. I am not going to require that they remove the building. They may can rent it to somebody, I don't know. But I stated that apparently at the hearing. If I am in violation of the Supreme Court mandate of this thing, I am sorry. I didn't intend to violate them. But I thought it would be an unnecessary proposition to require the removal of that building, and unnecessary expense. In addition to that, I don't mind admitting that I was influenced by the fact that it is five years to run before this whole thing is out. I don't feel that your clients are hurt any worse than that. The costs are assessed against the defendants in the case. That's the best I do do on this thing, gentlemen."
Clark and Cypress Shores Development Company then filed motions for reconsideration as to the award of damages, alleging that no evidence had been presented to sustain the award following a remand of this cause. These motions were denied on December 20, 1983.
Thereafter, notice of appeal was filed from the trial court's order dated October 18, 1983, by the Wrights, Corneliuses, and Rodgerses.
Because we find that the trial court was correct in its other findings, we will only address the issue of whether the trial court erred in its interpretation of the mandate of this Court as pronounced in this Court's opinion in the first appeal of these cases, Wright v. Cypress Shores Development Co., 413 So.2d 1115 (Ala.1982). In that opinion, this Court stated:
"Having determined from the recorded declaration of `Covenants, Restrictions and Limitations,' and from the surrounding circumstances, that Cypress Shores Development Company intended to create a general scheme or plan [of] development for Cypress ShoresUnit Four (Subdivision), we hold the reservation of the right to annul, cancel, amend or modify the restrictive covenants could only be exercised by the Architectural Control Committee in a reasonable manner consistent with that general scheme or plan of development. Amendment or cancellation of the restrictions so as to permit the construction of a convenience store on Lot 46 was, we hold, an unreasonable exercise of the Committee's authority and highly inconsistent with the general scheme or plan of development upon which plaintiffs relied when purchasing their lots, and was therefore null and void. Accordingly, the judgment of the trial court is due to be and is hereby reversed and this case remanded for further *1299 proceedings consistent with this opinion."
413 So.2d at 1124.
Suffice it to say, we did not intend for the trial court to allow the convenience store to remain standing. Closing the store, removing the canopy, and removing the store sign and gas pumps did not make lots 46 and 47 "consistent with the general scheme or plan of development" of other lots of the subdivision. If the building is allowed to stand, even during the remaining life of the restrictive covenants, the value of the appellants' property would still be diminished and the relief sought by the appellants would have been effectively denied. We also agree with the appellants' argument that Clark acted at his own peril in building the store because he knew that the first appeal was pending in this Court.
Where the mandate of this Court to a court below is precise, it is the duty of the lower court to carry it into execution. Lyon v. Foscue, 60 Ala. 468 (1877). Here, the trial court was obligated by this Court's order on the first appeal to enforce the restrictive covenant and to protect all lot owners in Unit IV of the Cypress Shores Subdivision. We are constrained to hold that the trial court failed to carry out this Court's mandate; consequently, we reverse the judgment and remand the cause to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.

ON APPLICATION FOR REHEARING
MADDOX, Justice.
By application for rehearing appellee/cross-appellant, Cypress Shores Development Co., calls this Court's attention to the fact that our original opinion, in addition to ordering destruction of the building in question, also left standing the trial court's $5,000 judgment, which was awarded to compensate appellants for the diminution in the value of their property resulting from breach of the protective covenant. Cypress Shores argues that monetary damages are generally awarded in addition to equitable relief only where necessary to compensate for past injury and to prevent multiplicity of lawsuits. Howell v. City of Dothan, 234 Ala. 158, 174 So. 624 (1937). Cypress Shores also contends that in the present instance such damages are unnecessary because appellants' past injury, the decrease in their property values, will be cured by removal of the building and, further, that the covenant in question contained an election of remedies provision, providing in pertinent part:
"[If any owner] shall violate or attempt to violate any of the covenants herein, it shall be lawful for any person or persons owning any real property situated in said subdivision, to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenants and, either to prevent such person or persons from so doing, or to recover damages for such violation." (Emphasis supplied.)
Cypress Shores argues that this provision allows appellants either equitable relief or damages, but not both.
Cypress Shores' point is well taken. As this Court recently stated in Herring v. Prestwood, 414 So.2d 52 (Ala.1982), "A party is generally not entitled to have a contract specifically enforced and, at the same time, recover damages for breach of the same contract." This is especially true where, as here, there was no contention that specific performance would not be a complete remedy and provisions of the protective covenant clearly require the party seeking relief to choose one or the other.
Considering that the covenant contains an election of remedies provision and considering that destruction of the offending structure will effectively negate the damages suffered by appellants, we believe that, under the facts of this case, the imposition of monetary damages in addition to specific performance of the restrictive covenant would be improper.
*1300 Therefore, we extend our earlier opinion and, although reaffirming our previous holding that the store building must be removed, reverse and remand the judgment of the trial court awarding damages.
APPLICATION FOR REHEARING GRANTED; OPINION EXTENDED AND MODIFIED; REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
NOTES
[1] Appellees claim that the appellants should have appealed from an order entered on April 26, 1983, which provided, in part, "and the Defendant, Norman A. Clark, shall comply with the previous orders of this court and shall close the convenience store by noon Friday, April 29, 1983 ..." (emphasis supplied). Insofar as this order required the defendant to close the convenience store, it was favorable to the plaintiffs. Appellants timely appealed from the later adverse ruling of the trial judge which allowed the building to remain on the lots.