On Remand from the Supreme Court
On December 1, 2000, this court reversed a judgment of the Jefferson Circuit Court divorcing the parties and dividing their marital assets. We held that the trial court had erred as a matter of law or had abused its discretion in dividing the marital assets, and we remanded the cause to the circuit court with instructions for that court to "treat all of the husband's personal Compass stock as marital property and to reconsider its division of the marital assets." 818 So.2d at 402. We also awarded the wife an attorney fee of $7,500 on appeal and denied the husband's request for an attorney fee on appeal.
The husband petitioned the Alabama Supreme Court for a writ of certiorari, arguing that the trial court had neither erred nor abused its discretion in dividing the marital assets. The supreme court granted the writ and agreed with the husband. It reversed the prior judgment of this court and held:
 "We conclude that the trial court did not plainly or palpably abuse its discretion in dividing the parties' property as it did. Therefore, we reverse the judgment of the Court of Civil Appeals insofar as that judgment reversed a portion of the trial court's judgment, and we remand the case to the Court of Civil Appeals for further proceedings consistent with this opinion."
Ex parte Durbin, 818 So.2d 404, 409 (Ala. 2001) (emphasis added).
The wife filed in this court a "Motion for Specificity on Remand," requesting that we state that this court's prior award of a $7,500 attorney fee to the wife on appeal was not reversed by the supreme court and was, therefore, unaffected by the supreme court's judgment. The husband moves us to "reverse and abate" the award of the attorney fee to the wife because, he says, the "end result" of the litigation has been changed.
 "It is the duty of the [lower appellate] court, on remand, to comply strictly with the mandate of the [supreme] court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered. . . ."
Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala. 1983) (quoting 5 Am. Jur. 2d *Page 411 
Appeal and Error § 991 (1962)) (emphasis added). "`Where the mandate of [the Alabama Supreme] Court to a court below is precise, it is the duty of the lower court to carry it into execution. Lyon v. Foscue,60 Ala. 468 (Ala. 1877).' Wright v. Cypress Shores Development Co.,461 So.2d 1296, 1299 (Ala. 1984)." Environmental Waste Control, Inc. v.Browning-Ferris Indus., Inc., 711 So.2d 912, 913 (Ala. 1997). However, where the supreme court gives no precise directions as to how a cause is to proceed as to a certain matter on remand, the lower court may proceed in any manner that is not inconsistent with the supreme court's opinion.Id. Because neither the husband's petition for certiorari review nor the supreme court's opinion reversing this court's prior judgment addressed the issue of the attorney fee this court awarded the wife on appeal, we conclude that the supreme court has not directed this court to reverse the award and that this court is, therefore, permitted either to leave the award intact or to reverse the award.
Because this court would not have awarded the wife an attorney fee on appeal if she had not prevailed in her argument to this court, we conclude that, in light of the supreme court's reversal of our decision, we should reverse the wife's attorney-fee award. Cf. Rule 35, Ala.R.App.P. (stating that "if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered"). We therefore grant the husband's motion to "reverse and abate" the award of the attorney fee to the wife.
On remand to this court, and in compliance with the supreme court's opinion of September 7, 2001, the judgment of the circuit court is affirmed.
AFFIRMED AND APPELLEE'S MOTION TO ABATE ATTORNEY FEE GRANTED.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.