Amy E. Dempsey ("the wife") filed a complaint seeking a divorce from Eric D. Dempsey ("the husband"). The parties had been married almost five years at the time the wife filed the complaint for a divorce. After conducting an ore tenus hearing, the trial court, on September 21, 2004, entered a judgment that divorced the parties. In its divorce judgment, the trial court awarded the wife custody of the child born during the parties' marriage, ordered the husband to pay child support, divided the parties' property, and ordered the husband to pay the wife $500 per month in periodic alimony. As part of its property division, the trial court awarded the wife one-half of the husband's military-retirement benefits. The husband timely appealed, arguing only that the trial court was without authority to award the wife a portion of his military-retirement benefits.
Section 30-2-51(b), Ala. Code 1975, provides that a trial court may, within its discretion and subject to certain restrictions, award retirement benefits in dividing marital property pursuant to a divorce action. Military-retirement benefits are subject to division as marital property pursuant to § 30-2-51(b). Ex parteVaughn, *Page 56 634 So.2d 533 (Ala. 1993). However, a trial court may treat retirement benefits as marital property subject to division only if the parties have been married for 10 years on the date the divorce complaint is filed. § 30-2-51(b), Ala. Code 1975; Steedv. Steed, 877 So.2d 602, 606 (Ala.Civ.App. 2003); Kaiser v.Kaiser, 868 So.2d 1095, 1103 (Ala.Civ.App. 2003); and Smith v.Smith, 836 So.2d 893 (Ala.Civ.App. 2002).
In Smith v. Smith, supra, the trial court, purportedly pursuant to § 30-2-51(b), awarded the wife a portion of the husband's retirement benefits. This court reversed that portion of the trial court's judgment because the parties had not been married for 10 years at the time the husband filed his petition for a divorce. In so holding, this court stated:
 "A reading of § 30-2-51(b) indicates that a trial judge has the discretion to divide a spouse's retirement benefits if either of two conditions exists at the time the complaint for divorce is filed: a spouse must have a vested interest in or be receiving retirement benefits. Section 30-2-51(b) then states that the trial judge's discretion to divide retirement benefits is further limited by three additional conditions: the 10-year marriage rule of subsection (1); the post-nuptial acquisition-of-benefits rule of subsection (2); and the 50 percent division rule of subsection (3). The apparent meaning of these provisions, when read as a whole, is that the trial judge may divide the value of any retirement benefits in which one spouse has a vested interest or is receiving on the date the action for divorce is filed, provided that the parties have been married for 10 years as of that date, that the judge divides only those retirement benefits acquired during the marriage, and that the judge awards the noncovered spouse no more than 50 percent of the benefits that may be considered by the court."
Smith v. Smith, 836 So.2d at 899-900. Similarly, in Kaiser v.Kaiser, supra, this court reversed a trial court's judgment insofar as it divided retirement benefits where the parties had been married for less than 10 yeas at the time the wife filed her complaint seeking a divorce.
In this case, the parties had been married for almost five years at the time the wife filed the complaint for a divorce. Accordingly, we must reverse the trial court's determination that the wife was entitled to a portion of the husband's military-retirement benefits pursuant to § 30-2-51(b). We remand the cause to the trial court to reconsider the division of the marital assets and to enter a judgment consistent with this opinion. See Kaiser v. Kaiser, supra; Smith v. Smith, supra.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.