Henry Dan Walding, Jr. ("the husband"), appeals from a divorce judgment entered by the Henry Circuit Court to the extent that it divided the parties' property and awarded an attorney fee to Emma Carol Walding ("the wife"). We affirm in part and reverse in part.
 Procedural History[1]
The wife filed a petition for a divorce on October 20, 2004. On November 5, 2004, the husband filed his answer and counter-claim for a divorce. The wife answered the counterclaim on November 9, 2004. On February 7, 2006, the wife filed a motion to assess attorney fees, along with attorney-fee affidavits. After conducting two ore tenus hearings, the trial court entered a judgment on February 17, 2006, that provided, in pertinent part:
 "4. That the Court is holding the proceeds in the amount of $21,561.79 from the sale of the home. That a check in the amount of $21,561.79 is to be paid to the [wife] and the [husband] is to receive credit for one half of the amount toward any of the obligations he is ordered to pay to the [wife].
 "5. That within 90 days, the [husband] is to pay $15,000.00 to the [wife] so she may purchase a vehicle.
 "6. That each party has various investment accounts and the Court finds that the [husband] had $251,000.00 to $275,000.00 in his accounts prior to the marriage. That the [husband] testified that his portfolio reflects approximately $438,000.00 in the accounts at this time.
 "7. That each party shall retain his or her own retirement accounts or accounts previously in existence in their name.
 "8 That within 90 days, the [husband] is to pay $40,000.00 to the [wife] as her portion of the accumulated investment property.
 "9. That the [wife] will make available all the personal property in her possession that belong to the [husband] as shown in [husband's] Exhibit 1.
 "10. That the [husband] will pay an amount equal to one half of reasonable attorney's fees which will be awarded by the Court in a subsequent order."
On February 29, 2006, the husband filed an objection to the wife's motion to assess attorney fees. On March 10, 2006, the husband filed a motion for a new trial. On April 28, 2006, the trial court denied the motion for a new trial. The husband filed his notice of appeal on June 2, 2006.
 Facts
The parties married on June 28, 1997, and they had been married for approximately seven years and four months at the time the petition for divorce was filed. At the time of trial, the husband was 54 years old and the wife was 51 years old. The husband and the wife were both employed as registered nurses, and the husband was also a member of the Army National *Page 1130 
Guard. In 2003, the husband earned $63,887 and the wife earned $38,535.
The husband testified that he began investing in various retirement accounts and investment accounts in 1973 and that his entire portfolio had a value of approximately $225,000 to $275,000 at the time the parties married in 1997. At trial, the husband submitted a summary of his investments that showed that as of April 2005 he owned: (1) stock investments valued at $133,867.85; (2) annuities valued at $151,418.67; (3) an employee stock-purchase plan valued at $48,947.97; (4) individual retirement accounts ("IRAs") valued at $126,491.60; and (5) a 401(k) account valued at $177,692.05. The total value of the husband's portfolio was $638,418.14, $334,234.49 of which consisted of funds in nonretirement accounts.
The husband testified that he funded his various accounts from payroll deductions and from deductions from his checking account. After the parties married, the wife "signed on" to the husband's existing checking account. Afterwards, their respective employers automatically deposited the husband's and the wife's payroll checks into the parties' joint account. The husband continued to use the joint account to fund his investments. The wife testified that the husband invested $975 per month; however, she did not present any evidence indicating how much of the $975 was invested in nonretirement accounts. The husband testified that he only invested $100 biweekly in nonretirement accounts. In addition, the husband testified that he had withdrawn $2,000 from the parties' joint account to contribute to his IRA and that he had withdrawn approximately $4,000 from the parties' joint account to purchase annuities.[2] He stated that he funded his 401 (k) plan through payroll deductions.
By the time of trial, the parties had sold the marital residence and the proceeds from the sale, $21,561.79, were being held by the court. The parties owned one vehicle, a Toyota Tundra truck that was not encumbered by any debt.[3]
The parties also owned household furnishings and personal items that were insured for $60,000.
 Discussion I. Division of Property
In his first point of error, the husband maintains that the trial court erred in awarding the wife $40,000 as her portion of the parties' "accumulated investment property." Paragraph 7 of the trial court's judgment shows that the trial court did not *Page 1131 
award the wife any portion of the husband's retirement accounts.[4] Thus, the trial court awarded the wife $40,000 from the nonretirement accounts. The husband contends that that award violates Ala. Code 1975, § 30-2-51(a), and is inequitable.
Section 30-2-51(a), Ala. Code 1975, provides:
 "(a) If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."
Under the plain language of § 30-2-51(a), the trial court could not have awarded the wife any portion of the husband's nonretirement investments acquired before the marriage, or any income derived therefrom, unless the wife proved that the funds from those investments had been used regularly for the common benefit of the parties during their marriage. Because the wife did not present any evidence of such use, the premarital investments, and the postmarital income derived from those investments, were not subject to division. Therefore, the trial court could only have awarded the wife a portion of the nonretirement investment accounts attributable to investments made during the marriage with marital funds, which is considered marital property.[5] Durbin v. Durbin,818 So.2d 396, 401 (Ala.Civ.App. 2000), reversed on othergrounds, Ex parte Durbin, 818 So.2d 404 (Ala. 2001), onremand, 818 So.2d 409 (Ala.Civ.App. 2001).
The only evidence purporting to show how much the husband invested in nonretirement accounts during the marriage is his testimony that he contributed $100 bi-weekly, for a total of $19,066.96, during the course of the marriage, and that on one occasion he withdrew $4,000 from the parties' joint checking account to purchase annuities. That evidence establishes that the husband invested only $23,066.96 in nonretirement investment accounts during the marriage.[6] There was insufficient evidence as to the interest or dividends earned on those investments. In fact, the only information that we are able to glean from the record as to the actual value of the nonretirement investments made during the marriage is that the stock the husband had purchased in his employee stock-purchase plan during the marriage was valued at $27,675 at the time of trial. There is no evidence showing how much of the $100 biweekly investment amount was *Page 1132 
made in the husband's employee stock-purchase plan. Hence, we agree with the husband that the evidence does not justify an award of $40,000 to the wife as "her portion of the accumulated investment property." We therefore reverse the judgment insofar as it divides the parties' property, and we remand the case for further proceedings consistent with this opinion.
The husband also argues that the trial court exceeded its discretion in awarding the wife $15,000 to purchase a vehicle. That award is in the nature of a property settlement. SeeScudder v. Scudder, 485 So.2d 743, 744 (Ala.Civ.App. 1986). Because we reverse the trial court's judgment insofar as it divides the parties' property based on the first issue presented on appeal, we pretermit discussion of the husband's argument as to the award of $15,000 to the wife to purchase a vehicle. On remand, the trial court is instructed to reconsider the entire division of property in fashioning an equitable award in accordance with this opinion.
 II. Award of Attorney Fees
We next address the husband's argument that the trial court exceeded its discretion in awarding the wife one-half of her attorney fees.
 "Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed. . . . `Factors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties' conduct, the results of the litigation, and, where appropriate, the trial court's knowledge and experience as to the value of the services performed by the attorney."'
Lester v. Lester, 690 So.2d 378, 382
(Ala.Civ.App. 1996) (quoting Figures v. Figures,624 So.2d 188, 191 (Ala.Civ.App. 1993)).
In the present case, both parties were gainfully employed as registered nurses; the husband's salary as a nurse, however, was greater than the wife's, and the husband had an additional income from the Army National Guard. The evidence was disputed as to the conduct of the parties, and the trial court divorced the parties based on a nonfault ground. Based on the relevant factors and our limited standard of review as to this issue, we cannot conclude that the trial court exceeded its discretion by ordering the husband to pay one-half of the wife's attorney fees. Accordingly, we affirm the trial court's judgment as to that award.
The wife's request for an award of an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in part and dissents in part, with writing, which BRYAN, J., joins.
[1] Only the procedural history relevant to the issues raised on appeal is included.
[2] He testified that he had also withdrawn money to contribute to accounts that had been cashed out during the marriage to pay for marital debts and purchases such as a down payment on the marital residence.
The husband also testified that he had purchased stock in an employee stock-purchase plan through his employer during the marriage and that, at the time of trial, the value of the stock purchased during the marriage was $26,675. He also testified that he had contributed $75 to a "Twentieth Century" account for 12 months during the marriage, for a total investment of $900. The wife, however, did not present any evidence indicating that, in order to make those investments, the husband had expended money in addition to the $100 biweekly amount he testified to having made.
[3] The parties owned two vehicles at the time of the separation. The wife had been awarded the use of the second vehicle, a Toyota Sequoia sport-utility vehicle, while the divorce action was pending and had been ordered to make the payments on that vehicle. She, however, was unable to make the payments, and the husband filed a motion for contempt. The court ordered that the wife return the vehicle to the husband. The husband transferred title to the vehicle to his sister, who took over the payments for the husband. Because the husband owed more on the vehicle than it was worth, his sister did not pay him for the vehicle.
[4] The trial judge also made several statements at trial indicating that he did not intend to award the wife any portion of the husband's retirement accounts. Because the trial court did not award the wife any portion of the husband's retirement accounts, we need not address the husband's contention that such an award would violate Ala. Code 1975, § 30-2-51(b).
[5] Although, as Presiding Judge Thompson notes in his special writing, trial courts have broad discretion in dividing marital property, that discretion is limited by Ala. Code 1975, § 30-2-51(a). Dempsey v. Dempsey, 915 So.2d 55, 56
(Ala.Civ.App. 2005).
[6] Although the wife testified that the husband invested $975 per month, because she did not present any evidence indicating how much of the $975 was invested in non-retirement accounts, the trial court did not have the discretion, as the dissent suggests, to use that amount to determine an equitable division of property.