MOORE, Judge.
Henry Dan Walding (“the husband”) appeals from the Henry Circuit Court’s judgment amending the judgment divorcing him from Emma Carol Walding (“the wife”) following this court’s reversal of the parties’ original divorce judgment insofar as it divided the parties’ property. We affirm in part and reverse in part.

Facts and Procedural History

This is the second time these parties have been before this court. See Walding v. Walding, 983 So.2d 1128 (Ala.Civ.App.2007). In Walding, the husband appealed from the Henry Circuit Court’s initial divorce judgment, which was entered on February 7, 2006. On appeal, the husband argued that the trial court had erred in its division of property and in its award of an $8,500 attorney fee to the wife. We affirmed the award of an attorney fee. With regard to the division of property, the *686 husband argued that the trial court had exceeded its discretion (1) in awarding the wife $40,000 as her portion of the parties’ investment property and (2) in awarding the wife $15,000 for the purchase of a vehicle.
With regard to the award of $40,000 to the wife, we agreed with the husband that the trial court had exceeded its discretion. Initially, we noted that the trial court clearly had not awarded the wife any portion of the husband’s retirement accounts. Further, we noted that, pursuant to Ala. Code 1975, § 30-2-51(a), “the trial court could not have awarded the wife any portion of the husband’s nonretirement investments acquired before the marriage, or any income derived therefrom,” because the wife had failed to present any evidence indicating “that the funds from those investments had been used regularly for the common benefit of the parties during their marriage.” Walding, 983 So.2d at 1131. Next, this court noted that the evidence indicated that the husband had invested only $23,066.96 in nonretirement investment accounts during the marriage and that the only evidence in the record regarding the value of the nonretirement investments made during the marriage was that the stocks the husband had purchased in his employee-stock-purchase plan were valued at $27,676 at the time of the trial. Id. Accordingly, this court concluded that the evidence did not justify an award of $40,000 to the wife as her portion of the nonretirement investment property, and we reversed the judgment insofar as it divided the parties’ property. Walding, 983 So.2d at 1132. Because we reversed the judgment as to the property division based on the husband’s first argument, we pretermited discussion of the husband’s second argument — that the trial court had erred in awarding the wife $15,000 to purchase a vehicle — and instructed the trial court to reconsider the entire division of property on remand. Id.
On remand to the trial court, the wife served discovery requests upon the husband and requested that the trial court receive additional evidence. The husband objected to the discovery requests and to the request that the trial court receive additional evidence. The trial court held a hearing, and, after hearing arguments of counsel for both parties, the trial judge stated: “We are not opening back up for evidence. I’m going to review the record.”
On June 26, 2008, the trial court entered an amended divorce judgment, providing, in pertinent part:
“(4) That the Court is holding the proceeds in the amount of $21,561.79 from the sale of the [marital] home. That a check in the amount of $21,561.79 is to be paid to the [wife] and the [husband] is to receive credit for $10,781.00 toward any of the obligations he is ordered to pay the [wife] herein.
“(5) That within 90 days, the [husband] is to pay $15,000 to the [wife] so she may purchase a vehicle.
“(6) That each party has various investment accounts and the court finds that the [husband] had $251,000.00 to $275,000.00 in his accounts prior to the marriage. That the [husband] testified that his portfolio reflects approximately $438,000.00 in the accounts at this time.
“(7) That each party shall retain his or her own retirement accounts or accounts previously in existence in their name.
“(8) That within 90 days, the [husband] is to pay $25,000.00 to [the wife] as her portion of the accumulated investment property.
“(9) That the [wife] will make available all the personal property in her *687 possession that belongfs] to the [husband] ....
“(10) That the [husband] -will pay an amount equal to one half of reasonable attorney’s fees which will be awarded by the Court in a subsequent order.”
The court subsequently awarded the wife attorney fees in the amount of $8,500.
On July 24, 2008, the husband filed a motion to alter, amend, or vacate the amended divorce judgment, and, on July 25, 2008, the wife filed a “motion for reconsideration.” The trial court held a hearing on those motions on September 12, 2008. On September 26, 2008, the trial court modified the amended divorce judgment by awarding the wife interest, dating back to the entry of the initial divorce judgment, on the $25,000 awarded to the wife as her portion of the investment accounts and on the $15,000 awarded to the wife to purchase a vehicle; the trial court also awarded the wife interest on the $8,500 attorney-fee award, dating back to April 28, 2006, the date of the original order awarding those fees. The husband filed his notice of appeal on October 8, 2008.

Discussion

On appeal, the husband first argues that the trial court erred by conducting hearings after this court had remanded the case back to the trial court. He cites Kaufman v. Kaufman, 22 So.3d 458, 460 (Ala.Civ.App.2007), for the proposition that, on remand, a trial court must comply strictly with the appellate court’s mandate “ ‘ “ ‘without granting a new trial or taking additional evidence.’ ” ’ ” Kaufman, 22 So.3d at 460 (quoting Auerbach v. Parker, 558 So.2d 900, 902 (Ala.1989)) (emphasis omitted). We note, however, that the trial court specifically declined to take additional evidence on remand. Thus, we find no error on this point.
The husband next argues that the trial court erred in awarding the wife $25,000 as her portion of the investment property. In support of this argument, the husband states that this court held that the husband had invested only $23,066.96 in the nonretirement accounts during the marriage. Thus, he suggests, the trial court erred by awarding an amount larger than $23,066.96. We note, however, that this court also held that the evidence indicated that the stocks that the husband had purchased in his employee-stock-purchase plan during the marriage were valued at $27,675 at the time of the trial. Therefore, we conclude that the trial court did not, in fact, award the wife more than the value of the portion of the nonre-tirement investments accumulated during the marriage.
The husband also argues that the trial court erred in awarding the wife $15,000 to purchase a vehicle. The husband argues primarily that the award results in an inequitable division of property.[1]
“When dividing marital property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage.”
*688 Golden v. Golden, 681 So.2d 605, 608 (Ala.Civ.App.1996).
In Walding, we stated:
“The parties married on June 28, 1997, and they had been married for approximately seven years and four months at the time the petition for divorce was filed. At the time of trial, the husband was 54 years old and the wife was 51 years old. The husband and the wife were both employed as registered nurses, and the husband was also a member of the Army National Guard. In 2003, the husband earned $63,887 and the wife earned $38,535.”
983 So.2d at 1129-30. The marital property consisted of the proceeds derived from the sale of the marital home; the nonre-tirement accounts, to the extent that the funds in those accounts were accumulated during the marriage; the husband’s vehicle; and household furnishings and personal items. The proceeds derived from the sale of the marital home totaled $21,561.79. With regard to the nonretirement accounts, there was evidence indicating that their value at the time of the trial was $27,675. There was no value assigned to the husband’s vehicle, and, although there was evidence indicating that the parties’ household furnishings and personal items were insured for $60,000, there was no clear evidence indicating the respective values of the items awarded to the parties. Finally, although both parties faulted the other for their marital problems, the trial court granted the divorce based on the ground of incompatibility.
Considering the awards for which we have an assigned value, i.e., the award of funds from the nonretirement investment accounts, the award of proceeds from the sale of the marital home, and the $15,000 award for the wife to purchase a vehicle, it appears that the wife received a net award valued at $50,780.79 and the husband received a net award valued at -$1,544. In Mullis v. Mullis, 994 So.2d 934 (Ala.Civ.App.2007), this court concluded that the division of marital property was inequitable when the parties had been married less than 10 years, the parties were both employed, and the husband’s award of property was approximately 18.2% of the total value of the marital property. Mullís, 994 So.2d at 939-40. In this case, the division of property is more grossly disproportionate than in Mullís. Accordingly, we reverse the trial court’s judgment as to the division of property, and we remand the cause for the trial court to enter a judgment fashioning an equitable property division. Mullís, 994 So.2d at 940.
The husband’s final argument is that the trial court erred in awarding the wife postjudgment interest, dating back to the entry of the original divorce judgment, on her respective property-settlement awards, and in awarding the wife post-judgment interest on her attorney-fee award, dating back to the entry of the original order awarding those fees.
Rule 37, Ala. R.App. P., provides, in pertinent part: “Unless otherwise provided by law, if a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is provided by law shall be payable from the date the judgment was rendered in the trial court.” In the present case, the award of an attorney fee to the wife was previously affirmed by this court. Thus, we conclude that the trial court did not err by awarding post-judgment interest on the attorney-fee award, dating back to the date that the order awarding those fees was entered. With regard to the property-settlement awards — the $25,000 award of the wife’s portion of the investment property and the $15,000 award for her to purchase a vehicle — we note that, because we are reversing the trial court’s judgment as to the *689 division of property, we have no reason to address this argument.

Conclusion

Based on the foregoing, we reverse the trial court’s judgment as to the division of property, and we remand this cause for the trial court to fashion an equitable property division in accordance with this opinion. The judgment is affirmed in all other respects.
The wife’s request for the award of an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The husband also argues that, because the wife failed to make the payments on a sport-utility vehicle, she should not have been awarded money to purchase another vehicle. Based on our disposition of the husband's property-division argument, we pretermit any discussion of that ground.